UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| JERRY MILLER, | |
| Plaintiff, | |
| v. | No. 3:19-cv-00308-TAV-DCP |
| COCKE COUNTY, TENNESSEE, ET AL, | |
| Defendants. | |

## ANSWER TO AMENDED COMPLAINT

The defendant, Cocke County, Tennessee, makes the following Answer to the plaintiff's Amended Complaint [Doc. 3] (hereinafter "Complaint"). Initially, the Complaint contains an introductory section. The defendant is not responding directly to the introductory section since the allegations contained therein appear to be fully set forth in the numbered paragraphs of the Complaint, and the County is responding to each numbered paragraph of the Complaint and would show unto the Court as follows:

1. On information and belief, the defendant admits the allegations of paragraph 1 of the Complaint.

2. The defendant denies that Cocke County can be served by service on the County Attorney and asserts that the attempt to serve the County in that manner failed to comply with the requirements of Federal Rule of Civil Procedure 4(j)(2). The defendant admits the remaining allegations of paragraph 2 of the Complaint.

3. To the extent that the allegations of paragraph 3 of the Complaint require any answer, this defendant denies that the correctional officers used excessive force or were deliberately indifferent to a serious medical need of the plaintiff.

4. The defendant admits the allegations of paragraph 4 of the Complaint.

5. In answer to paragraph 5 of the Complaint, it is admitted that venue exists for this action in the United States District for the Eastern District of Tennessee, but the defendant asserts that the action should have been filed in the Greeneville division, not the Knoxville division.

6. In answer to paragraph 6 of the Complaint, the defendant admits that the Court has discretion to exercise supplemental jurisdiction over the plaintiff's State law claims if the Court determines that such is warranted in this case.

7. The defendant admits the allegation of paragraph 7 of the Complaint.

8. The defendant lacks sufficient information to admit or deny the allegations of paragraph 8 of the Complaint.

9. The defendant admits the first sentence of paragraph 9 of the Complaint. The defendant denies the remaining allegations of paragraph 9 as stated and asserts that the plaintiff, during the booking process, resisted the search officer when the officer attempted to remove the plaintiff's wallet and that force was used to restrain and control the plaintiff. On information and belief, this defendant asserts that the force used was reasonable and appropriate.

10. The defendant denies the allegations of paragraph 10 of the Complaint.

11. The defendant denies the allegations of paragraph 11 of the Complaint.

12. The defendant denies the allegation of paragraph 12 of the Complaint and further asserts that the plaintiff did not request medical treatment following the necessary use of force by the correctional officer.

13. The defendant denies the allegations of paragraph 13 of the Complaint.

14. In answer to paragraph 14 of the Complaint, it is admitted that the plaintiff was taken

2

Case 3:19-cv-00308-TAV-DCP   Document 14   Filed 09/03/19   Page 2 of 6   PageID #: 61

to Court the next day and that he was released on a $1,500 OR bond. The remaining allegations of paragraph 14 of the Complaint are denied.

15. In answer to paragraph 15 of the Complaint, the defendant admits that, following Court, the plaintiff was returned to the Jail, was processed, and was released. After being released, the plaintiff returned to the Jail a short time later and reported having a breathing problem at which time a correctional officer called for EMS to assist him.

16. The defendant lacks sufficient information to admit or deny paragraph 16 of the Complaint.

17. The defendant lacks sufficient information to admit or deny the allegations of paragraph 17 of the Complaint.

18. In answer to paragraph 18 of the Complaint, this defendant lacks sufficient information to admit or deny whether the plaintiff has suffered some permanent injury. This defendant denies the remaining allegations of paragraph 18 of the Complaint.

19. In answer to paragraph 19 of the Complaint, this defendant lacks sufficient information to admit or deny whether the plaintiff will require future medical care and treatment. This defendant denies the remaining allegations of paragraph 19 of the Complaint.

20-25. In answer to paragraphs 20 through 25 of the Complaint, the defendant admits that the attorney for the plaintiff submitted a public records request to the defendant and that representatives of the County subsequently responded to the plaintiff's request and advised the plaintiff on actions to take in order to obtain public records. Nonetheless, this defendant asserts that the allegations contained in paragraphs 20 through 25 of the Complaint are irrelevant to the causes of action before the Court and should be stricken from the Complaint.

26. The allegations of paragraph 26 of the Complaint do not require a further answer.

27-33. The allegations set forth in paragraphs 27 through 33 of the Complaint are legal assertions instead of factual assertions which do not require an answer of the defendant. To the extent that those paragraphs require any answer, the defendant denies that the plaintiff's constitutional rights were violated.

34-43. This defendant denies that the plaintiff has properly sued any individuals. To the extent that the allegations are directed to "John Doe" defendants, no answer is required by this defendant. Nonetheless, to the extent that some answer is required to the factual allegations set forth in the paragraphs, those allegations are denied.

44. The allegations of paragraph 44 of the Complaint do not require a further answer.

45. To the extent that the allegations of paragraph 45 of the Complaint assert statements of law as opposed to fact, no response is required by this defendant. To the extent that any answer is required, this defendant denies that it had a policy or custom permitting officers to use excessive force or deny medical care for serious medical needs.

46. The defendant denies the allegations of paragraph 46 of the Complaint.

47. The defendant denies the allegations of paragraph 47 of the Complaint.

48. The defendant denies the allegations of paragraph 48 of the Complaint.

49. In answer to paragraph 49 of the Complaint, the defendant denies that force was used against a non-resisting and obedient plaintiff and asserts that its officers were properly trained.

50. The defendant denies the allegations of paragraph 50 of the Complaint.

51. The defendant denies the allegations of paragraph 51 of the Complaint.

52. The defendant denies the allegations of paragraph 52 of the Complaint.

53. The defendant denies the allegations of paragraph 53 of the Complaint.

54. In answer to paragraph 54 of the Complaint, this defendant denies that the plaintiff is entitled to obtain any relief from it.

55. The defendant denies the allegations of paragraph 55 of the Complaint.

56. The defendant denies the allegations of paragraph 56 of the Complaint.

57. The defendant denies the allegations of paragraph 57 of the Complaint as stated and asserts that the County retains immunity as a governmental entity for the plaintiff's negligence claims unless that immunity is specifically lifted under the Tennessee Governmental Tort Liability Act. The defendant asserts that it retains immunity with respect to the plaintiff's claims in this case since all of the plaintiff's claims arise out of alleged civil rights violations, and immunity is retained pursuant to Tennessee Code Annotated § 29-20-205(2).

58. The defendant denies the allegations of paragraph 58 of the Complaint.

59. The defendant denies that the plaintiff is entitled to any of the relief requested under paragraph 59 of the Complaint.

60. The defendant denies that the plaintiff is entitled to any of the damages, fees, or costs sought in the prayer for relief.

61. The defendant denies all allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

62. As an affirmative defense, this defendant asserts that the plaintiff's case should be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 4(j)(2) inasmuch as the plaintiff failed to properly serve the defendant with process as required by the Rules.

63. With respect to the claims against Cocke County for negligence, the defendant relies

upon all defenses available to it under the Tennessee Governmental Tort Liability Act and asserts that, based upon the facts and claims alleged in the Complaint, it retains immunity for the exercise of discretionary functions, for claims based upon infliction of mental anguish, and because the negligence claims arise out of the same factual allegations that form the basis for the plaintiff's civil rights claims.

64. As an alternative affirmative defense, to the extent that the Court finds that Cocke County's immunity for negligence is lifted under the Tennessee Governmental Tort Liability Act, the defendant asserts comparative fault as to the plaintiff and asserts that the plaintiff's fault equals or exceeds 50% of the total fault thereby barring the plaintiff from any recovery. The defendant asserts that the plaintiff's own conduct in resisting the attempts to search and book him resulted in the need to use force to restrain and control him and would have been the result of any alleged injury suffered by him.

Having fully answered the Complaint, the defendant, Cocke County, asserts that the Complaint against it should be dismissed at the cost of the plaintiff and requests all other relief to which it is entitled. In the alternative, the defendant requests a jury to hear this action. The defendant reserves the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of the Court.

COCKE COUNTY, TENNESSEE

By: *s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN 37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com
