UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| JERRY MILLER, | ] |
| Plaintiff, | ] |
| v. | ] No. 3:19-cv-00308-TAV-DCP |
| COCKE COUNTY, TENNESSEE, ET AL, | ] |
| Defendants. | ] |

**COCKE COUNTY'S RESPONSE TO
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

The plaintiff has filed a Motion seeking expedited discovery in this case. The defendant respectfully asserts that the Motion should be denied since it provides no legal or factual basis that would warrant expedited discovery or any variance from the normal timing and methods for discovery contemplated by the Federal Rules of Civil Procedure.

The plaintiff's Motion is unsupported by a brief and fails to provide any legal basis for the Court to grant expedited discovery in this case. The plaintiff's only reference to any legal basis for the motion is a general reference to Federal Rule of Civil Procedure 26(d)(1). However, that rule confirms that typically "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." *Fed. R. Civ. P.* 26(d)(1). Nonetheless, without any reference to case law or other legal authority that would provide a basis for the Court to order expedited discovery in this case, the plaintiff seeks an order allowing him to proceed with discovery in some unspecified manner.

However, this Court has previously recognized:

that expedited discovery is not the norm and that plaintiffs "must [first] make some prima facie showing of the need for expedited discovery. *USEC, Inc. v. Everitt*, 2009

> WL 152479 (E.D.Tenn. Jan.22, 2009). *See also Waggin' Train v. Normerica, Inc.*, 20009 WL 3762669 at * 1 (W.D.Tenn. Aug. 18, 2009) (denying motion for expedited discovery because plaintiff failed to demonstrate need for expedited discovery); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D.Ill.2000) ("[e]xpedited discovery is not the norm" and should be granted only on a showing of "necessity"). And, the standard applied by the Delaware courts appears to be substantially the same. *See In re 3COM Shareholders Litig.*, 2009 WL 5173804 at *1 (Del.Ch.2009) ("[b]efore the [c]ourt will grant a motion for expedition, plaintiffs must establish 'a sufficiently colorable claim and show[ ] a sufficient possibility of threatened irreparable injury, as would justify imposing on defendants and the public the extra (and sometimes substantial) costs' of an expedited preliminary injunction proceeding").

*Leone v. King Pharm., Inc.*, No. 2:10-CV-230, 2010 WL 4736271, at *2 (E.D. Tenn. Nov. 16, 2010).

The plaintiff does not set forth any facts to indicate that he will suffer any irreparable harm if expedited discovery is not allowed. Instead, the only basis for the Motion, is plaintiff's reference to a previous open records request sent by his attorney, Darren V. Berg, to Cocke County. However, that open records request does not provide any basis for the plaintiff in this case to seek expedited discovery.

The plaintiff's attorney was allowed under Tennessee law to seek production of public records, but any rights and remedies relating to the request for records are controlled by Tennessee State law. To the extent that Mr. Berg believed that the County failed to properly respond to his public records request, his remedies were set forth by Tennessee Code Annotated § 10-7-505 permitting him to file a petition in Chancery Court or Circuit Court in Cocke County. However, since he elected not to do that, he cannot seek a remedy from this Court in the form of expedited discovery.

Other than relying on the open records request, the plaintiff does not set forth any other factual assertions to provide any basis for expedited discovery. Thus, the discovery process should

2

proceed in the normal manner set forth by the Federal Rules of Civil Procedure.

Based on the foregoing, the defendant, Cocke County, asserts that the plaintiff's Motion for Expedited Discovery should be denied.

Respectfully submitted,

*s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for Cocke County, Tennessee