# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| JERRY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-cv-308 |
| ) | Jury Demanded |
| COCKE COUNTY, TENNESSEE; et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR AN EMERGENCY ORDER, SEEKING SEIZURE OF ALL SERVERS, VIDEO RECORDING DEVICES, COMPUTERS, STORAGE DEVICES FOR SAME, OF COCKE COUNTY, TENNESSEE

Comes the Plaintiff, by and through counsel, and would move this Honorable Court for an emergency Order, instructing the United States Marshalls to immediately seize all electronic devices of Cocke County, Tennessee, including every server of the County, every computer of the County and or any agency thereof, all video and audio recording devices to be found in a law enforcement vehicle, body camera or detention facility located anywhere in the County, and any other location whereby video images may have been stored with relation to this case. In addition, because it cannot seriously be argued that Cocke County and its executive-level officials were not aware--given the use-of-force report and the transport of Plaintiff to the hospital from the jail--of this incident, it is almost certainly true that they were provided copies of the video and likely received them by way of attachments to emails, texts messages, etc. Therefore, and because metadata can never be erased, Plaintiff also seeks the United States Marshalls to seize every single computer in the Cocke County Jail, Mayor's Office, Sheriff's Office, the County Commission and the County Attorney's Office. Because the hard drive on these

computers will reveal which of these officials watched that video before they lied to this Court, claiming the incident was justified or did not occur as stated in Plaintiff's Complaint, this Motion is justified. Plaintiff realizes the serious and extraordinary nature of this request and because of the same would request the Court appoint a Special Master to manage this most serious matter, allow him/her to hire the best electronic forensic experts he/she may choose to employ, and require the County to pay the costs of the Special Master and the forensic teams.

In support of this Motion, the Plaintiff would show as follows:

1. As this Court will note from its records, Mr. Berg sent an open records act request and preservation of evidence of letter on the 21st day of March 2019.

2. As this Court will note from numerous prior motions and pleadings in this matter, the County claimed the video "looped out" despite the fact that it had actual knowledge of a use of force report and of calling for an ambulance for the Plaintiff, thereby requiring it to preserve the video evidence from the jail and certainly from the arresting officer and any officers who had body cams depicting images of Plaintiff.

3. Thereafter, after suit was filed, the County lied to this Court and said that no excessive force was used by its officers beyond that necessary based on the behavior of the Plaintiff. In other words, Plaintiff deserved the beating he received, the eight (8) broken ribs, punctured lung, lengthy and multiple hospitalizations, and permanent injuries. The County also said its use of force was justified. Of importance and as the Court will note, Cocke County and its

Attorney were fully aware that the arresting officer escorted Mr. Miller into the jail. Quite clearly, Cocke County and its executive-level officials were fully aware that said officer had a body cam--at the time it first received the open records act request and preservation of evidence letter. Indeed, how could they not have known? However, none of them, including their attorneys, thought it was necessary to obtain a copy of the video, which we have all now seen, before filing their Answer to this Court in which they said no excessive force was used, Plaintiff deserved what he got for resisting, and generally denied the truth of the Complaint. Quite obviously, certain ethical rules and duties contained within the Federal Rules of Civil Procedure as they apply to the County's attorneys and their signatures on certain documents should have mandated Cocke County and its attorneys to have obtained the body cam video and watched it prior to filing their Answer with this Court. They quite clearly did not do so!

4. The County has also stated on numerous occasions that all video requested in the open records act request had "looped out." As this Court will note from the open records act request attached to the Complaint, it clearly and unequivocally requested the following:

   a. Complete personnel files of all Cocke County Jail's personnel on duty at all times during Mr. Miller's detention.
   b. All intake documents for Mr. Miller.

c. Any recorded phone conversations between Mr. Miller and any third party outside of the Cocke County Jail.

d. All photographs, videos, computer generated media, or audio recordings depicting Mr. Miller …

e. Any emails … messages, correspondence, memos, or other documents …

f. Any shift logs, pass-on-reports, inmate incident reports, inmate incident history reports …

g. Any and all medical procedures, policies and/or protocols …

h. Any and all medical records regarding the care and treatment of Mr. Miller …

i. All video and audio recordings of the excessive force incident in question …

5. On the 8th day of October 2019, Plaintiff's filed a Rule 37 Motion for Sanctions arguing that because Cocke County had actual knowledge of the use of force and because it had actual knowledge of the injuries (given it called for the ambulance for Plaintiff), it had a duty to preserve the video. However, on a more important note, can it seriously be argued that no officials of Cocke County actually watched the videos (all or some of them) before they allowed their jail videos to "loop out" and thereafter lied to this Court about what occurred?

6. Based on the foregoing and because under the unique facts of this case the

Rules of Discovery are not sufficient for Plaintiff to obtain the justice he deserves, Plaintiff requests an emergency Order of this Court, directing the United States Marshalls to immediately travel to Cocke County, Tennessee and obtain all servers, computers, video cameras, video retention storage devices, cell phones, or any and other relevant electronic devices upon which video can be watched or emails read, from any of the following offices of the County and/or it officials (at their homes of official office locations): the Cocke County Mayor's Office, the Cocke County Sheriff's Office, the Cocke County Attorney's Office, the Cocke County Jail and the Cocke County Commission. Moreover, given the Newport Police Department's Chief's recent denials to the press about his son's involvement (the arresting officer whose body cam is at issue), all of the same devices from the City of Newport, the Newport Police Department, the Newport City Attorney's Office, and the Newport City Counsel.

7. Once the United States Marshalls have seized the requested property, the Plaintiff requests this Honorable Court appoint a Special Master of its choosing to hire an elite electronic forensic team/company to search these devices to obtain what we all know exists: evidence of the video that "looped out," who watched it, and their internal communications about how to defeat this claim and lie to this Court. Plaintiff further requests this Honorable Court Order the County to pay for it all.

  Respectfully submitted, this 21st day of October 2019.

/s/Darren V. Berg  
LAW OFFICES OF DARREN V. BERG  
Lead Counsel for the Plaintiff  
P.O. Box 33113  
Knoxville, TN 37930  
E-mail: berg1222@hotmail.com  
(865) 773-8799  

/s/Russell Egli  
THE EGLI LAW FIRM  
Co-Counsel for the Plaintiff  
The Wisdom Building  
11109 Lake Ridge Drive, FL3  
Concord, TN 37934  
E-mail: russelleglilaw@gmail.com  
(865) 304-4125  

## CERTIFICATE OF SERVICE

I, the under-signed counsel, hereby certify, that the ECF has electronically served this Motion to the Cocke County Attorney, Jeff Ward.

This the 21st day of October 2019.

/s/Russell Egli  
Russell Egli  
Co-Counsel for the Plaintiff