UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| JERRY MILLER, | ] |
| Plaintiff, | ] |
| v. | ] No. 3:19-cv-00308-TAV-DCP |
| COCKE COUNTY, TENNESSEE, ET AL, | ] |
| Defendants. | ] |

**RESPONSE TO PLAINTIFF'S MOTION FOR EMERGENCY ORDER, SEEKING SEIZURE OF ALL SERVERS, VIDEO RECORDING DEVICES, COMPUTERS, STORAGE DEVICES FOR SAME, OF COCKE COUNTY, TENNESSEE**

The defendant, Cocke County, makes the following Response to the plaintiff's "Motion for Emergency Order" [Doc. 28] and asserts that the Motion should be denied.

**I. RELIEF SOUGHT IN PLAINTIFF'S MOTION**

Without citation to any legal authority or any evidentiary support, the Plaintiff seeks to have United States Marshalls (sic) "immediately seize all electronic devices of Cocke County . . . " [Doc. 28, PageID #: 142] This includes, but is not limited to all electronic devices of the County Mayor's Office, the Sheriff's Office, the County Commission, and the County Attorney's Office. [*Id.*]

The plaintiff then wants this Court to appoint a "Special Master to manage this most serious matter, allow him/her to hire the best electronic forensic experts he/she may choose to employ, and require the County to pay the costs of the Special Master and the forensic teams." [*Id.*, PageID #: 143]

**II. NO LAW SUPPORTING REQUEST FOR EXTRAORDINARY RELIEF**

The plaintiff's Motion cites no legal authority for his request for an Emergency Order that would require the United States Marshals Service to seize all electronic devices of the Cocke County

government – thereby bringing the operations of the county government to a halt. Likewise, Cocke County has not identified any legal authority for such a broad, overbearing, and quite frankly, ridiculous request.

### III. NO FACTUAL BASIS FOR EXTRAORDINARY RELIEF

In addition to the lack of legal authority, there is also no factual basis supporting the request for extraordinary relief. As a starting point, Cocke County relies upon and adopts verbatim its Response to Plaintiff's Motion for Sanctions against Defendant, Cocke County for Fraud on the Court. [Doc. 32]

The plaintiff does not identify any attempts by the plaintiff to obtain discovery through the normal discovery requests available under the Federal Rules of Civil Procedure or any inability to obtain discovery in the normal manner. Instead, the plaintiff's "factual" arguments in his Motion for Extraordinary Relief are similar to his Motion for Sanctions [Doc. 24] wherein he alleges – *without any evidentiary support whatsoever* – "lying" and "fraud" on the part of multiple government officials, employees, and at least one attorney. In the current Motion, the plaintiff's assertions of wrongdoing are based solely on the reckless accusations of plaintiff's counsel:

> In addition, because it cannot seriously be argued that Cocke County and its executive-level officials were not aware – given the use-of-force report and the transport of Plaintiff to the hospital from the jail – of this incident, it is almost certainly true that they were provided copies of the video and likely received them by way of attachments to emails, texts messages, etc.

[Doc. 28, PageID #: 142]

Similar to the frivolous argument just quoted, the plaintiff asserts as follows:

Quite clearly, Cocke County and its executive-level officials were fully aware that said [City of Newport] officer had a body cam – at the time it first received the open records act request and preservation of evidence letter. Indeed, how could they not

2

have known? . . . Quite obviously, certain ethical rules and duties contained within the Federal Rules of Civil Procedure as they apply to the County's attorneys and their signatures on certain documents should have mandated Cocke County and its attorneys to have obtained the body cam video and watched it prior to filing their Answer with this Court. They quite clearly did not do so!

[*Id.,* PageID #: 144] Based on the paragraph just quoted, the plaintiff's Motion now adds undersigned defense counsel to the list of alleged unethical persons and claims that defense counsel violated some unidentified ethical rules and rules of civil procedure.

Finally, the plaintiff continues in a similar reckless vein as follows:

5. On the 8th day of October 2019, Plaintiff's (sic) filed a Rule 37 Motion for Sanctions arguing that because Cocke County had actual knowledge of the use of force and because it had actual knowledge of the injuries (given it called for the ambulance for Plaintiff), it had a duty to preserve the video. However, on a more important note, can it seriously be argued that no officials of Cocke County actually watched the videos (and or some of them) before they allowed their jail videos to "loop out" and thereafter lied to this Court about what occurred?

[*Id.*, PageID #: 144]

As part of their continuing pattern in this case, Attorneys Berg and Egli are making serious allegations of misconduct without a shred of evidence – and now have included undersigned counsel as one of the alleged unethical actors.

Yet, plaintiff's Motion is without legal authority, without factual basis, and if the plaintiff received the relief requested, it would literally bring the operations of the Cocke County government to a halt.

## IV. CONCLUSION

Based on the foregoing, the plaintiff's Motion for Emergency Order [Doc. 28] should be denied.

3

Respectfully submitted,

*s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for Cocke County, Tennessee