| | |
|---|---|
| **JERRY MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ Action No.: 3:19-cv-308 |
| ) | JURY DEMANDED |
| ) | |
| **COCKE COUNTY, TENNESSEE,** ) | |
| **KELTON TOWNSEND**; **JOSHYUA SHULTS,** | |
| **CITY OF NEWPORT, TENNESSEE,** ) | |
| and **JOHN DOES**, names and identities not yet ) | |
| known, charged with failure to provide medical ) | |
| treatment to Plaintiff and/or involved in the ) | |
| use of excessive force against Plaintiff Jerry ) | |
| Miller, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Comes the Plaintiff, Jerry Miller, and for cause of action against the Defendants herein would amend his Complaint as follows:

### I. INTRODUCTORY STATEMENT

This is a case where Plaintiff was a pre-trial detainee charged with misdemeanor interference with a 911 response. It is important to note that the arresting officer did not witness the alleged misdemeanor being committed by the Plaintiff and therefore the arrest was illegal and in violation of Plaintiff's constitutional rights. Plaintiff was illegally arrested on February 21, 2019 and taken to the Cocke County Jail for intake and booking. While Miller was being processed but yet still in possession of his clothes and belongings and facing the

1

wall and hand-cuffed behind his back, Officer Kelton Townsend ("Officer Townsend") began to remove his wallet from his pocket which caused him to turn and flinch stating "you're not getting my wallet." At no time during this action of Miller did he in any way act in a threatening or violent manner or resist the jailer's oral instructions or requests except for stating "you're not getting my wallet." Notwithstanding, when Miller stated to Officer Townsend "you're not getting my wallet" he was picked up by Officer Townsend and body slammed on the floor of the jail facility. The footage of this aggravated assault on the Plaintiff was captured by the arresting Officer's body camera, Officer Shults, who watched the incident without intervening. Officer Shults is seen on the body camera covering it with his hand and switching the camera off after Plaintiff was body slammed to the cement floor. Officer Townsend thereafter jumped on Miller--also not depicted on the video. After he jumped on Miller, he picked him up and threw him against a wall. As a result, Miller was seriously injured and was provided no medical care overnight in the jail. Indeed, the next morning, when he was in front of a judge/magistrate, he was in acute medical distress and was released on his own recognizance. He was returned to the jail for release, and the jail actually and finally called for an ambulance for him. He thereafter went to the hospital wherein he was diagnosed with at least 8 broken ribs and a punctured lung. Upon information and belief, the County had actual knowledge of Miller's injuries based on (1) the images and video supporting these allegations contained in its internal video system, (2) eyewitness testimony, (3) the court's Order releasing him on his own recognizance for obvious medical distress, (4) the jail's officers calling for an ambulance upon the Court's Order of his release, and (5) the nature and extent of his injuries per the hospital or treating physician(s). Not only did the officer's actions constitute excessive force, but at no time after the injuries and constitutional

violations complained of herein was Miller afforded his constitutional right to adequate medical care for a serious medical need.

After the undersigned was made aware of these allegations, he sent an open records act request under Tennessee law to the County attorney and the Sheriff. After no response was received within the mandatory response period, counsel contacted the County attorney, who informed the undersigned to contact a specific person in the County mayor's office, who further informed the undersigned to contact a specific person within the Sheriff's Department, who in turn referred the undersigned back to the County attorney. Upon informing the person within the Sheriff's Department that if no one was going to comply with the Act and if everyone in the County was going to pass the responsibility of compliance in a circle, the undersigned would have no choice but to file suit, and ask this Court for expedited discovery. The undersigned was thereafter contacted by the Sheriff's Department person who stated he would provide the undersigned the jail documents the next Monday but reiterated the video no longer existed despite the Sheriff's Department having knowledge that Officer Shults' body camera captured the aggravated assault of the Plaintiff at the jail. No one in the County as of the date of this filing has provided any documentation whatsoever per the open records act request except for the affidavit of arrest, jail medical intake, and the incident report of Officer Townsend, which was an abject lie. However, after the undersigned filed a motion for sanctions based on spoliation of evidence, the County, on October 15, 2019, finally sent a Dropbox link containing Officer Shults' body camera that captured the aggravated assault upon the Plaintiff. A copy of that video has been previously provided to this Court. To date, the jail camera surveillance system, which would have shown the continuing assault, remains missing.

3

Case 3:19-cv-00308-TAV-DCP   Document 45   Filed 04/09/20   Page 3 of 17   PageID #: 249

## II. PARTIES

1. Plaintiff Jerry Miller is a citizen and resident of Cocke County, Tennessee.

2. Defendant Cocke County, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: Jeffrey Ward, Milligan & Coleman, 230 West Depot Street, Greeneville, TN 37743 or otherwise through the ECF system.

3. Defendant, Officer Kelton Townsend, is upon information and belief a resident of Cocke County, Tennessee and a citizen of Tennessee. Plaintiff is currently attempting to obtain an address for service of process on Officer Townsend and that address will be set forth in the Summons.

4. Defendant Joshyua Shults, is upon information and belief a resident of Cocke County, Tennessee and a citizen of Tennessee. This Defendant may be served with process at the Newport Police Department, 330 E. Main St. Newport, TN 37821.

5. Defendant City of Newport is a governmental entity created and existing in the State of Tennessee and may be served with process through its chief executive officer, Mayor Roland Dykes, III.

6. Upon information and belief, the numerous unknown "John Doe" Defendants were involved in the excessive force and failure to provide adequate medical care for a serious medical need claims but because of the County's malfeasance and in addition to include individuals or executives of Cocke County that conspired to violate the Plaintiff's constitutional rights are currently unknown to this Plaintiff or his counsel. Discovery will be needed to determine the identity of these unknown "John Doe" Defendants. Once such

identities are discovered, Plaintiff will move to amend his Complaint once again to name the individual defendants. as their identities are determined. At all times material hereto, the yet unknown individual defendants were acting under color of state law.

7. At all times material hereto, the named individual Defendants were acting under color of state law.

### III. STATEMENT OF JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. <u>See</u> U.S.C. §§1331, 1343(a)(3).

9. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C § 1391 (b)(1) and/or (2).

10. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

### IV. STATEMENT OF FACTS

11. On February 21, 2019, Plaintiff, Jerry Miller, was arrested and charged with interfering with a 911 call/response. The underlying incident concerned a domestic dispute between Plaintiff and his girlfriend.

12. When the police arrived, they charged Plaintiff with interfering with his girlfriend's 911 call but did not charge him with domestic assault or anything else. The charge of interfering with a 911 call is a misdemeanor charge in Tennessee and a misdemeanor must be witnessed by law enforcement in order to make an arrest. The Police never witnessed Plaintiff interfere with a 911 call and therefore Plaintiff's arrest was illegal and violated his constitutional rights. <u>See</u> [Doc. # 25, Cumulative Exhibit C]. In the alternative, no probable cause existed to justify Plaintiff's arrest.

13. During the intake process at the jail, Plaintiff was placed into an area where he was being processed into the jail by Officer Townsend. During this process, as he was beginning to comply, he felt Officer Townsend reach into his pocket to remove this wallet as he was facing the wall and handcuffed behind his back, and he stated, "you're not getting my wallet." He did not, however, act in any type of violent or non-compliant way; he merely stated, "you're not getting my wallet." See [Doc. # 25, Cumulative Exhibit C]

14. Based upon this verbal statement by Plaintiff, Officer Townsend grabbed Miller up by the neck and body slammed him on the floor, jumped on him, and thereafter picked him up again and threw him hard against the wall. This was all captured, with exception of the jumping on Plaintiff and picking him up and slamming him against the wall, by a body camera worn by the arresting office, Officer Shults. A copy of the video in question was previously desk-filed with this Honorable Court. See also **Exhibit A** mail filed CDROM.

15. To date, the video surveillance system of the Cocke County Jail remains missing and upon information and belief was intentionally destroyed by Cocke County. To clarify, the video that was produced after the undersigned filed a motion for sanctions for spoliation of evidence was that of the arresting officer, Defendant Shults, and not any video of the County or its jail.

16. As depicted in Exhibit A, at no time did Miller engage in violence or a physical confrontation; neither did he resist the directions of the officer.

17. As a result of these actions, the Defendant Townsend broke eight (8) of Miller's ribs and punctured his lung on his left side, leaving him in acute medical distress, and experiencing an emergent medical event.

6

18. As the video clearly depicts, Officer Shults watched the entire assault and violation of Miller's civil rights and did nothing whatsoever. Worse, he intentionally turned his body camera off so the assault could continue without video coverage.

19. During this entire time, and upon information and belief, numerous officers of the Cocke County Jail were viewing the internal video system, depicting the assault, or had actual knowledge by way of being told by others or watching it occur in person.

20. After the assault, the unknown John Doe officer[s] then placed Miller in a holding cell and despite him and other inmates making numerous, repeated calls and requests for immediate medical attention, none was afforded Plaintiff by these Defendants.

21. The next morning, Plaintiff was taken before a judge/magistrate and he was released from custody as he was clearly and unmistakably in medical distress.

22. Upon his return to the jail for processing out, the jail called 911 for an ambulance.

23. Plaintiff was then transported to Newport Medical Center, but noting the severity of his injuries, said medical center sent him to the University of Tennessee Medical Center in Knoxville, a Level 1 Trauma Center.

24. Plaintiff was treated at UT Medical Center for 8 broken ribs and one punctured lung, and he was hospitalized for some time thereafter.

25. As a result of this assault, trauma and/or delay in medical treatment, Plaintiff has permanent injuries.

26. As a result of this assault, trauma, and/or delay in medical treatment, Plaintiff will require substantial future medical care and treatment. Plaintiff has since this incident

7

been diagnosed with a blocked artery and because of the same, which upon information and belief is related to the incident in question, he will need a surgery to correct it.

27. On March 31, 2019, the undersigned sent the Cocke County Sheriff and the Cocke County Attorney an Open Records Act request pursuant to the relevant provisions of Tennessee law. See [Doc. # 3, Exhibit A].

28. After the time period had expired for Cocke County to respond to the letter, the undersigned contacted the Cocke County Attorney to inquire as to the status of its response.

29. The undersigned was informed by said Cocke County Attorney that he needed to speak with an individual in the County Mayor's office to obtain the documents requested and that, unfortunately, because the County did not receive the certified mail letter until 31 days post incident, the requested video no longer existed as it had "looped" out.

30. The undersigned thereafter contacted the person in the County Mayor's office who told him she could not help him and referred the undersigned to yet another person in the Sheriff's office.

31. The undersigned then contacted that official, who referred him back to the County Attorney to obtain the information requested in the Open Records Act Request.

32. As of the filing of this Amended Complaint, Cocke County has only turned over to Plaintiff the affidavit of arrest, 911 dispatch call, call by Cocke County to summon an ambulance for Plaintiff, inmate medical form, inmate charge history, release sheet, incident report, sessions court OR bond, and body camera footage of Officer Shults. All of the video and audio evidence of Plaintiff's stay at the Cocke County Jail remains missing or destroyed by Cocke County.

33. Despite filing responses in this Court in which the County said the incident either didn't occur or that the Defendant resisted and deserved his 8 broken ribs and punctured lung, the County, after the City of Newport's body camera video was provided, changed its tune, indicted the officer, and now seeks to somehow contend it is not liable for his actions despite the fact that everyone in that jail knew, or should have known, exactly what occurred that night.

## V.  CAUSES OF ACTION

**A.  42 U.S.C. §1983 (Fourteenth Amendment Violation/Excessive Force--Deliberate Indifference to Plaintiff's Right to Adequate Medical Treatment for a Serious Medical Need.)**

### 1.  Individual liability

34. Plaintiff hereby incorporates the preceding paragraphs of this Amended Complaint as if fully set forth herein.

35. Under 42 U.S.C. § 1983, a person has a federal cause of action for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by the United States Constitution and federal laws.

36. The Due Process Clause of the Fourteenth Amendment prohibits the individual Defendants complained of herein from using excessive force against a pretrial detainee of the Cocke County Jail.

37. Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

9

38. In addition, the Fourteenth Amendment to the United States Constitution requires that a pretrial detainee be provided adequate medical care while in the custody of any governmental entity.

39. The constitutional rights afforded to prisoners who have been duly convicted of any criminal offense under the Eighth Amendment's Cruel and Unusual Punishment Clause extends to pre-trial detainees – who have not yet been punished as a result of a conviction – under the Due Process Clause of the Fourteenth Amendment. This Court should analyze a claim of deliberate indifference to the medical needs of a pre-trial detainee the same as an identical claim of a prisoner brought pursuant to the Eighth Amendment.

40. However, recent decisions of the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit suggest that a pre-trial detainee's claims must be analyzed differently: only under an objective standard and not under the objective and subjective standard existing hereinbefore.

41. In any event, an individual officer engages in conduct in violation of the Due Process Clause of the Fourteenth Amendment where he demonstrates deliberate indifference to the serious medical needs of a pre-trial detainee such as the Plaintiff by intentionally denying or delaying adequate medical care for said person. Deliberate indifference may be found to exist where an officer denies or delays obtaining treatment for a pre-trial detainee under facts and circumstances that would cause a layperson to conclude medical treatment was needed

42. Upon information and belief, Defendant Townsend, upon Plaintiff merely "flinching" while he attempted to remove his wallet, picked him up, body slammed him,

10

jumped on him, picked him up again, and threw him against the wall without cause or justification of any kind as Plaintiff was not fighting, resisting or disobeying.  See Exhibit A.

43. Based upon recent filings by the County and its indictment of Officer Townsend and based upon the video evidence, Defendant Townsend exhibited deliberate indifference to Plaintiff's right to be free from excessive force and engaged in the same.

44. Upon information and belief, after Defendant Shults turned his body camera off, he engaged in a further assault upon the Plaintiff.  Further, he took no action whatsoever to protect Plaintiff, did not arrest Defendant Townsend, and conspired with Townsend and others to violate Plaintiff's civil rights.

45. Thereafter, as Plaintiff was in acute medical distress, and upon information and belief and Plaintiff, as well as other inmates, were demanding medical care for Plaintiff, the named Defendants and the John Doe Defendants failed to afford him any medical care whatsoever for his serious medical need:  eight (8) broken ribs and a punctured lung.

46. Any reasonable observer, given the facts and circumstances of this beating, would come to the inescapable conclusion that these Defendants' conduct was objectively unreasonable so as to shock the conscience of said observer. Any reasonable observer would likewise conclude that these Defendants' conduct constituted an arbitrary and capricious exercise of governmental power. Thus, these Defendants' conduct constitutes excessive force in violation of the Due Process Clause of the Fourteenth Amendment, and they are therefore liable to the Plaintiff for his damages.

47. Moreover, the individual Defendants and John Doe Defendants, as well as county officials, engaged in a conspiracy and cover-up of these facts in a well-planned and

11

coordinated effort to ensure the truth was never known and the video never seen. As such, all co-conspirators are jointly and severally liable for the Plaintiff's damages and injuries.

48. In addition, these individual Defendants and the John Doe officers had actual knowledge based on the video, their close proximity to the actual assault and for other reasons, yet unknown (likely being told by fellow officers of the actions of Defendant Townsend and any other Defendant who assaulted Plaintiff), of Plaintiff's requests for medical treatment, and of the requests by other inmates that Plaintiff was suffering a serious medical condition, and in need of adequate medical care therefore.

49. Notwithstanding the individual officers' knowledge and that of the John Doe Defendants, they did not afford Plaintiff adequate (or any) medical care, and they are therefore liable to Plaintiff for his damages resulting therefrom.

50. The Plaintiff was in severe pain during this time, but he received no care whatsoever in violation of his federal constitutional right to receive such care.

51. As a result of the officers' deliberate indifference to Plaintiff's right to be free from excessive force and to be afforded adequate medical care for a serious medical need, Plaintiff was injured as noted hereinbefore.

52. Plaintiff therefore sues the individual officers for their deliberate indifference to and violation of his right to be free from excessive force and to his right to adequate medical care for a serious medical need. He seeks the following relief:

   a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life; and

12

    b. Attorney's fees pursuant to 42 U.S.C. §1988.

**2. Municipal liability**

53. Plaintiff hereby incorporates the preceding paragraphs of this Amended Complaint as if fully set forth herein.

54. The Due Process Clause of the Fourteenth Amendment prohibits Defendant Cocke County, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under title 42 of the United States Code section 1983, sovereign immunity is removed, thereby allowing the citizen to recover his damages in a suit against the municipality.

55. Upon information and belief, Cocke County is liable to Plaintiff pursuant to 42 U.S.C. §1983 based on its history of prior incidences where its officers used excessive force against inmates and pre-trial detainees; said history of similar incidences constitutes a custom thereby rendering the county liable.

56. Upon information and belief, Cocke County failed to adequately train its officers for proper tactics and procedures when said officers encounter pre-trial detainees who merely flinch as to how to react to such a situation. Upon information and belief, Cocke County has also failed to adequately train its officers who observe other officers engaging in excessive force as to their duty to intervene.

57. Upon information and belief, the Defendants' beating of the Plaintiff was a direct result of this improper training and the lack of sufficient policies and procedures. Upon

information and belief, had the officers been trained properly, they would have employed other tactics in dealing with Plaintiff and therefore, Plaintiff would not have been beaten.

58. In this case, the individual Defendants use of force against the non-resisting and obedient Plaintiff, evidences a complete lack of training in proper procedures and methods§§ related to dealing with individuals such as this Plaintiff.

59. Additionally, a governmental entity may be held liable where its supervisory officials and officers ratify an illegal action of lower-tier officers or employees.

60. Upon information and belief, supervisory officers or officials of the county, including, but not necessarily limited to the Sheriff's Department, engaged in an attempt to cover-up the beating by, amongst other things, (a) spoliating or destroying video-tape evidence and (b) failing to provide its records upon proper written request. Based upon the foregoing and the County's pleadings in this case--prior to the video looping back in--the County's executive and decision-making officials conspired to cover-up Defendant Townsend's use of excessive force and they are therefore liable pursuant to the conspiracy provisions of 42 U.S.C. section 1983 et seq.

61. These actions of the supervisory officers/officials also and without question constitute ratification under section 1983 precedent, and likewise render Cocke County liable to the Plaintiff.

62. Cocke County is liable to the Plaintiff because its customs, policies, and procedures were the proximate cause of the Defendant Townsend's deliberate indifference to the Plaintiff's constitutional right to be free from the use of excessive force and to his right to adequate medical treatment for a serious medical need and because its officials conspired to

14

deprive Plaintiff of his right to bring this action by allowing the video to loop out and by ratifying the actions of Defendants Townsend and Shults.

63. Defendant City of Newport is liable to the Plaintiff because its customs, policies and procedures were the proximate cause of the Defendant Shults' deliberate indifference to the Plaintiff's constitutional right to be free from the use of excessive force and to his right to adequate medical treatment for a serious medical need and because its officials conspired to deprive Plaintiff of his right to bring this action by not immediately turning over the video to the TBI, FBI or other law enforcement when it had, through the son of the Police Chief, actual knowledge of the events in question. This City Defendant had an absolute duty under the law to make certain the video was provided to proper officials, but it did nothing as the video shows the illegal actions of the son of the chief of police. It is hard to fathom a set of circumstances which would constitute a greater basis for the imposition of municipal liability than this.

64. Plaintiff therefore sues Cocke County and the City of Newport and seeks the following relief:

   a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life; and

   b. Attorney's fees pursuant to 42 U.S.C. §1988.

**B.     Tenn. Code Ann. § 29-20-202 et. seq. (TGTLA – Negligence)**

65. Plaintiff hereby incorporates the preceding paragraphs of this complaint as if fully set forth herein.

66. Cocke County was at all times hereto responsible for the operation and the supervision of its Jail and its employees.

67. City of Newport was at all times hereto responsible for the actions of its officer, Defendant Shults.

68. Pursuant to the Tennessee Governmental Tort Liability Act, all municipal Defendants owed Plaintiff a duty of care to be free from excessive force and to provide him adequate medical care while he was detained.

69. These Defendants breached the duty of care as set forth herein and are therefore liable to the Plaintiff pursuant to the TGTLA.

70. Plaintiff sues these Defendants under the TGTLA for all the reasons previously set forth herein and seeks money damages in the maximum amount allowed under said law.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court grant relief as follows:

a. Issue process, requiring the Defendants to answer this Complaint.

b. Empanel a jury to try this cause.

c. Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $25,000,000.00.

d. Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act.

e. Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988.

f. Award costs of this action including discretionary costs.

g. Award any other or further relief to which he may be entitled.

Respectfully submitted this 8th day of April, 2020.

/s/Darren V. Berg
Darren V. Berg (BPR 23505)
LAW OFFICES OF DARREN V. BERG
Attorney for Plaintiff
P.O. Box 33113
Knoxville, TN 37930
E-mail: berg1222@hotmail.com
(865) 773-8799

/s/Russell Egli
Russ Egli (BPR 24408)
THE EGLI LAW FIRM
Co-Counsel for the Plaintiff
The Wisdom Building
11109 Lake Ridge Drive, FL3
Concord, TN 37934
E-mail: russelleglilaw@gmail.com
(865) 304-4125

## CERTIFICATE OF SERVICE

I, the under-signed counsel, hereby certify, that the ECF has electronically served this Proposed Amended Complaint to the Cocke County Attorney, Jeff Ward.

This the 8th day of April, 2020.

/s/Russell Egli
Russell Egli
Co-Counsel for the Plaintiff