UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

JERRY MILLER,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        No.:   3:19-CV-308-TAV-DCP
                                           )
JOSHYUA SHULTS,                            )
CITY OF NEWPORT, TENNESSEE, and            )
JOHN DOES,                                 )
                                           )
            Defendants.                    )

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendants City of Newport and Joshyua Shults's Renewed Motion to Dismiss on Timeliness Grounds [Doc. 90] in which defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] Plaintiff responded after the Court granted him leave to file an untimely response [Doc. 101], and defendants replied [Doc. 103]. Also pending before the Court is Plaintiff's Corrected Motion to Amend [Doc. 92]. This Court ordered the parties to file briefing on the motion [Doc. 94]. Accordingly, plaintiff filed a memorandum in support of his motion [Doc. 97], and defendants responded [Doc. 102]. Plaintiff has not replied. The motions are now ripe for resolution. For the reasons that follow, the motion to

---

[1] Though John Does are named in the case, the Court will use the term "defendants" to refer to the City of Newport, Tennessee and Joshyua Shults, unless otherwise noted, because they are the defendants who have filed the present motion to dismiss. The Court separately addresses the John Doe defendants in section II.B.3. *infra.*

dismiss [Doc. 90] will be **GRANTED**, the motion to amend [Doc. 92] will be **DENIED**, and the John Doe defendants will be **DISMISSED**.

## I.     Background

This case arises out of plaintiff's arrest on February 21, 2019 for interference with a 911 call [Doc. 45 ¶ 11].[2]  While being processed, an officer "grabbed Miller up by the neck and body slammed him on the floor, jumped on him, and thereafter picked him up again and threw him hard against the wall" which resulted in eight broken ribs, a punctured lung, and "acute medical distress" [*Id*. ¶¶ 14, 17].  Unknown John Doe officers placed plaintiff in a holding cell and did not provide medical attention to plaintiff when asked [*Id*. ¶ 20].  Upon his release, he was treated at UT Medical Center and now has permanent injuries requiring future medical care and treatment [*Id*. ¶¶ 21, 24–26].  On March 31, 2019, counsel for plaintiff sent an Open Records Act request to the Cocke County Sheriff and the Cocke County Attorney [*Id*. ¶ 27].  Counsel was informed that he needed to speak with the mayor's office to obtain the documents requested and video no longer existed as it had "looped" out [*Id*. ¶ 29].  After inquiring with the County Mayor's Office, Sheriff's Office, and County Attorney again, plaintiff did not receive any video or audio evidence [*Id*. ¶ 32].  The complaint, filed on August 12, 2019 [Doc. 1], was

---

[2]  Factual allegations in this section are drawn from the amended complaint.  Plaintiff filed the amended complaint first as Document 42, which had the docket text of "AMENDED DOCUMENT."  Plaintiff then was asked to re-file the document so that the docket text would read "FIRST AMENDED COMPLAINT" and was docketed as Document 45.  The Court will refer to Document 45.  The documents are otherwise identical.

2

followed by the amended complaint [Doc. 45] and alleges claims of excessive force and failure to provide adequate medical treatment under 42 U.S.C. § 1983, and negligence under Tenn. Code Ann. § 29-20-202 *et. seq*.

The defendants listed in the amended complaint are Cocke County, Tennessee, Kelton Townsend, Joshyua Shults, City of Newport, Tennessee, and "John Does, names and identities not yet known, charged with failure to provide medical treatment to Plaintiff and/or involved in the use of excess force against Plaintiff" [*Id*. p. 1]. After mediation, Cocke County, Tennessee, and Kelton Townsend were dismissed from the case [Doc. 84].

## II.    Motion to Dismiss

### A.    Standard of Review

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Thus, pleadings in federal court need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* (alterations in original). "[A] formulaic

recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). This assumption of factual veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is ultimately "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* at 679. In conducting this inquiry, the Court "must construe the complaint in a light most favorable to plaintiff[], accept all well-pled factual allegations as true, and determine whether plaintiff[] undoubtedly can prove no set of facts in support of those allegations that would entitle [her] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

4

## B.   Analysis

### 1.   Claims Not Properly Pled in Amended Complaint

The Court notes plaintiff's briefing contains references to wrongful arrest and civil conspiracy claims which are not pled in the complaint [*See* Doc. 45]. Plaintiff argues that only upon receipt of the bodycam footage was plaintiff's counsel "alerted and informed . . . that an arrest was obtained without any sworn affidavits of the complaining witness, without an admission of guilt of the Plaintiff, occurring outside the presence of the arresting officer, and therefore constituted an illegal arrest warrant" [Doc. 101 p. 11]. Plaintiff himself has a "limited memory of the events in question" because of the "severe assault and resulting hospitalization" [*Id.*]. Putting aside the issue of what plaintiff himself versus plaintiff's counsel knew, plaintiff appears to argue that he did not know of his injury, that the arrest was illegal, until later, which he claims tolls the statute of limitations. However, plaintiff has not alleged a wrongful arrest claim. In the fact section of his complaint, he argues that his arrest was "illegal and violated his constitutional rights" [Doc. 45 p. 5], but when plaintiff lists the causes of action in the complaint, he only refers to Fourteenth Amendment violations for excessive force and deliberate indifference to his right to adequate medical treatment for a serious medical need [*Id.* p. 9].

Similarly, plaintiff's response has a section entitled "civil conspiracy and deliberate indifference in turning off the body-cam, failing to immediately arrest

defendant Townsend and attempting to subvert and cover up a valid civil rights case" [Doc. 101 p. 12], but no such claims are listed in the complaint against these defendants.[3]

Particularly in light of plaintiff's listing of such claims, neither the defendant nor the Court should be required to deduce other potential causes of action from the facts alleged and brief references to "conspiracy" and "illegal arrest." The complaint must be more than a "the-defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678. Further, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

---

[3] Plaintiff only mentions the conspiracy liability provisions of § 1983 once:

> Upon information and belief, supervisory officers or officials of the county, including, but not necessarily limited to the Sheriff's Department, engaged in an attempt to cover-up the beating by, amongst other things, (a) spoliating or destroying video-tape evidence and (b) failing to provide its records upon proper written request. Based upon the foregoing and the County's pleadings in this case– prior to the video looping back in–the County's executive and decision-making officials conspired to cover-up Defendant Townsend's use of excessive force and they are therefore liable pursuant to the conspiracy provisions of 42 U.S.C. section 1983 et seq.

[Doc. 45 ¶ 60]. Other references to conspiracy, or another form of the word, only allege facts in support of another cause of action [Doc. 45 ¶¶ 6, 44, 47, 63]. For example, the complaint states:

> Cocke County is liable to the Plaintiff because its customs, policies, and procedures were the proximate cause of the Defendant Townsend's deliberate indifference to the Plaintiff's constitutional right to be free from the use of excessive force and to his right to adequate medical treatment for a serious medical need and because its officials conspired to deprive Plaintiff of his right to bring this action by allowing the video to loop out and by ratifying the actions of Defendants Townsend and Shults.

[*Id.* at ¶ 62]. Such paragraphs do not reference the cause of action for § 1983 conspiracy or allege an additional claim, instead detailing factual allegations in support of the excessive force and failure to provide medical care claims.

6

1107 (7th Cir. 1984).[4]  Therefore, to the extent plaintiff argues any wrongful arrest or conspiracy claims were pled in the complaint, they will be **DISMISSED**.

### 2.    Statute of Limitations

Defendants move to dismiss pursuant to Rule 12(b)(6)[5] on the grounds that all claims against them are time-barred [Doc. 90 p. 1].  Defendants were named for the first time in the First Amended Complaint, filed on April 8, 2020, almost fourteen (14) months after the initial events of the case [Doc. 45].  Defendants submit that the statute of limitations period began to accrue when Shults arrested plaintiff and transported him to the jail while wearing a uniform and driving a police vehicle marked City of Newport.

---

[4]  *See, e.g.*, *Sansom Comm. v. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973); *Chambliss v. Coca-Cola Bottling Corp.*, 274 F. Supp. 401, 409 (E.D. Tenn. 1967), *aff'd on other grounds*, 414 F.2d 256 (6th Cir. 1969)); *Muscogee Creek Indian Freedmen Bank, Inc. v. Bernhardt*, 385 F. Supp. 3d 16, 20 (D.D.C. 2019) (holding plaintiffs could not present new fact in response to motion to dismiss); *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 573 (D. Md. 2019) (holding plaintiffs could not allege new fact in brief in opposition to motion to dismiss); *Ullery v. Raemisch*, No. 18-CV-00839-STV, 2019 WL 529570, at *12 (D. Colo. Feb. 9, 2019) (finding plaintiff could not add new claim in response to motions to dismiss).

[5]  Defendants alternatively bring their motion pursuant to Rule 56. Defendants ask the Court to note Document 23-3, the affidavit of complaint filed by plaintiff, while ruling upon the motion to dismiss. Plaintiff argues that since matters outside the pleadings are considered, the motion must be treated as one for summary judgment, the parties must be given opportunity to present pertinent material to the Court, and plaintiff is entitled to take discovery and depositions before responding to the motion [Doc. 101 p. 6–7].  However, defendants added no new evidence to the record through their motion to dismiss; the only attached item is a copy of the document which had been previously filed as Document 23-3.  Defendants state they re-filed it because plaintiff failed to redact information in the original filing [Doc. 103 p. 10].  The documents are otherwise identical, and when referring to this document, the Court will refer to the redacted version [Doc. 90-1].  Accordingly, the underlying relevant documents are those already in the record.  Though analysis rests primarily on the basis of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account."  *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).  Accordingly, the Court's consideration of other documents already in the record does not convert this into a motion for summary judgment, and the motion may be properly considered under Rule 12(b)(6).

7

Defendants further argue that plaintiff should have been aware of their involvement when he received an affidavit of complaint which contains Shults's signature, printed name, and "Newport Police Dept" [Doc. 90-1 p. 1]. The affidavit of complaint states that on February 21, 2019, "I, officer J. Shults, was dispatched. . . for a domestic disturbance" [*Id.*] thereby identifying Shults as the responding officer. Defendants state that plaintiff received this document in court on February 22, 2019 [Doc. 92 p. 3], but even if he did not, it was filed by plaintiff's counsel in the instant case on October 8, 2019 [Doc. 23-3], six months before the filing of the First Amended Complaint [Doc. 42] on April 8, 2020, and four months before the limitations period would expire. Additionally, plaintiff alleges that on October 15, 2019, he received a Dropbox link "containing Officer Shults'[s] body camera" [Doc. 45 p. 3]. Therefore, defendants contend that plaintiff's claim that he did not know the name of the officer or agency that arrested and transported him before the limitations period expired in February 2020 is belied by the record [Doc. 91 p. 3].

The statute of limitations applicable to a § 1983 action is the statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Tennessee's statute of limitations for personal injury claims and for claims brought under federal civil rights statutes such as § 1983 is one year. *See* Tenn. Code Ann. § 28–3–104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

8

"Federal law, however, controls the determination of when a civil rights action accrues."[6] *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). The statute of limitations generally begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 307 (6th Cir. 2010) (quoting *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (citations omitted). The Court looks "to what event should have alerted the typical lay person to protect his or her rights." *Eidson*, 510 F.3d at 635 (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).

---

[6] Plaintiff's briefing states that "Tennessee common law (which exclusively applies to when a cause of action accrues thereby triggering the running of the statute of limitations) has long held that the statute of limitations does not beginning [sic] to run until a plaintiff knows of his injury and of the identity of the tortfeasor who cause[s] it" [Doc. 101 p. 7]. However, the Court notes that the Sixth Circuit has identified the principal case on this issue, *Foster v. Harris*, 633 S.W.2d 304, 305 (Tenn. 1982), as being somewhat limited to its facts where "*who* caused the injury [by infecting plaintiff with serum hepatitis] was a critical issue" and when one is clearly injured, "although [he] may not have known the specific tortfeasors," one will reasonably expect a plaintiff to determine who caused such injury. *Schultz v. Davis*, 495 F.3d 289, 292 (6th Cir. 2007). Nonetheless, Sixth Circuit precedent holds that *federal* law controls when a § 1983 action accrues, even though the state statute of limitations and exceptions or tolling principles apply. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995) (applying federal law for determining when statute of limitations period begins to run and state exceptions which toll the statute of limitations). Plaintiff has not highlighted any federal authority indicating that lack of knowledge of the identity of a tortfeasor affects when a cause of action accrues, unless applying the state doctrine of fraudulent concealment. Indeed, the caselaw discussed herin, which holds that naming a John Doe plaintiff does not toll the statute of limitations, would not follow if plaintiff's theory were true. Accordingly, plaintiff's argument about knowledge of the identity of a tortfeasor is not relevant when determining the limitations period of the § 1983 claims, though it may be considered in determining an exception to the statute of limitations and whether fraudulent concealment applies.

9

Here, defendant was arrested on February 21, 2019, when the alleged excessive force occurred and when officers allegedly failed to provide adequate medical care. It was therefore no later than this date when the "alleged deliberate indifference by the City to the training and supervision of Shults resulted in purported civil rights violations by a City employee" [Doc. 91 p. 5]. As defendants note, "any layperson would have known" that "excessive force was used" at the time he was thrown to the ground and injured during the booking process, and that he was not afforded adequate medical care at the time he had inquired and was not provided care [Doc. 91 p. 6]. At the latest, he knew of his injury upon diagnosis at the hospital the next day. Taking plaintiff's allegations as true, he therefore had reason to know of his injury during the alleged assault and while he was awaiting medical care, and the statute of limitations began to run at that time in February 2019.

Plaintiff argues fraudulent concealment applies to toll the statute of limitations since "Defendant Shults has actual knowledge of the criminal actions that occurred in his presence, had actual knowledge of the existence of this lawsuit, but notwithstanding the same, he failed to produce video to his superiors or otherwise allow it to be produced to the plaintiff" [Doc. 101 p. 9].

Under Tennessee law, plaintiff has the burden to establish the exception to the statute of limitations and prove fraudulent concealment. *Robinson v. Baptist Mem'l Hosp.*, 464 S.W.3d 599, 611 (Tenn. Ct. App. 2014). A claim of fraudulent concealment consists of four elements:

Case 3:19-cv-00308-TAV-DCP   Document 104   Filed 05/27/21   Page 10 of 22   PageID #: 528

(1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so;

(2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence;

(3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and

(4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*Redwing v. Catholic Bishop for Diocese of Memphis,* 363 S.W.3d 436, 462–63 (Tenn. 2012). "The heightened pleading standard of Civil Rule 9(b) applies to fraudulent concealment, just as it applies to the fraud itself. That means the plaintiff must state with particularity the facts showing he satisfies the exception, including his own diligence." *Chunn v. Se. Logistics, Inc*., 794 F. App'x 475, 477 (6th Cir. 2019) (citations and quotations omitted).

However, plaintiff has not met his burden to establish fraudulent concealment. Even assuming that defendants concealed the video, plaintiff fails to identify how this fact supports any element of the claim. The doctrine does not toll the statute of limitations when any evidence is concealed at all; the concealed information but must be regarding plaintiff's injury or the identity of the wrongdoer. *Redwing*, 363 S.W.3d. at 462. Plaintiff did discover or reasonably should have discovered his injury during the arrest, booking process, or, at the latest, at the hospital when he received a diagnosis. Nothing alleges the plaintiff ever asked defendants for the videos or for information, instead

directing requests for records at other entities [Doc. 103 p. 3]. Plaintiff states he sent requests to Cocke County, the Cocke County Mayor, Sheriff's Department and County Attorney [Doc. 101 p. 2–3]. He alleges no facts as to requests directed at defendants City of Newport and Shults. Plaintiff's argument that fraudulent concealment applies is to no avail, as he does not fulfill the *Redwing* elements. Therefore, the statute of limitations was not tolled during the time between the injury and receipt of the video.

Since the cause of action accrued in February 2019, plaintiff had until February 2020 to file this action. Even if he did not know who arrested him and transported him to the jail, the affidavit of complaint, filed *by plaintiff* October 8, 2019, provided such information and would have allowed ample time to file a complaint against Shults and the City of Newport as named defendants within the limitations period. However, since these defendants were not named until April 2020, the limitations period had already expired, and such claims are barred.

Moreover, defendants argue that filing the complaint against "John Does" does not save plaintiff's claims [Doc. 91 p. 7]. The naming of John Doe defendants in plaintiff's complaint does not stop the statute of limitations from running or toll the limitations period as to those defendants. *See Cross v. City of Detroit*, No. 06-11825, 2008 WL 2858407, at *1 (E.D. Mich. July 23, 2008) (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3rd Cir. 2003)). Until the plaintiff files an amended complaint under Rule 15 that identifies and adds a John Doe defendant by his true name, the John Doe allegations in the complaint are "mere surplusage." *Colson v. City of Alcoa*, 458 F. Supp.

12

3d 887, 918 (E.D. Tenn. 2020). "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). "Where an amendment to a complaint would add a new party, the amendment must come within the statute of limitations period or relate back to the original filing date of the complaint." *Lovelace v. City of Memphis Police Dep't*, No. 08-2776, 2010 WL 711190, at *3 (W.D. Tenn. Feb. 24, 2010). "Naming a John Doe defendant cannot save a pleading from this requirement." *Id.* "[A]n amendment adding a defendant in place of a John Doe does not relate back to the original complaint and thus is not exempted from the applicable statute of limitations." *Cooper v. Rhea Cnty., Tenn.*, 302 F.R.D. 195, 199 (E.D. Tenn. 2014).

"The Sixth Circuit has long held the position that a complete lack of knowledge as to the identity of a defendant—a suit against a Doe defendant, for example—is not equivalent to a 'mistake' concerning the actual defendant's identity" such that the complaint may be amended pursuant to Rule 15(c). *Flick v. Lake Cnty. Jail*, No. 1:10-CV-532, 2011 WL 3502366, at *1 (N.D. Ohio Aug. 10, 2011) (citation omitted); *see also Moore v. State of Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's knowledge does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c).") (citations omitted). Plaintiff "did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the . . . limitations period. The relation-back protections of Rule

13

15(c) were not designed to correct that kind of problem." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). Accordingly, claims against defendants are untimely and therefore must be **DISMISSED with prejudice**.

### 3. *Sua Sponte* Dismissal of John Doe Defendants

The Court *sua sponte* raises the statute of limitations as it relates to the John Doe defendants. Pursuant to Sixth Circuit precedent, any claims set forth in a future amended complaint against newly-named defendants would not relate back to the date of the original complaint, and it would be futile to allow plaintiffs to add new defendants. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend, however, where the amendment would be futile." (citation omitted)). Plaintiff's claims against the John Doe defendants are therefore *sua sponte* **DISMISSED with prejudice**. *See Cross*, 2008 WL 2858407 at *1 (dismissing *sua sponte* and with prejudice the plaintiff's claim against John Doe police officer for civil rights violations because the plaintiff "did not seek leave to amend the Complaint to name the John Doe defendant prior to the expiration of the statute of limitations"); *see also Smith*, 476 F. App'x at 69 (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when, as here, plaintiff "simply did not know whom to sue or opted not to find out within the limitations period" and "waited until the last day of the . . . limitations period to file his complaint, [which] left no time to discover the identity of his arresting officers within the relevant time"); *Eady v. Young*, No. 4:12-CV-28, 2013 WL 11328159,

14

at *4 (E.D. Tenn. Feb. 6, 2013) (stating that Rule 15(c) allows relation back for the mistaken identification of defendants, not for "John Doe" defendants).

### 4. Supplemental Jurisdiction

While a district court has supplemental jurisdiction over state-law claims forming "part of the same case or controversy" as claims over which the court exercises original jurisdiction, 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citing 28 U.S.C. § 1367(c)(3)). Because the Court will dismiss all of plaintiff's claims arising under federal law, it will also decline to exercise supplemental jurisdiction and **DISMISS without prejudice** plaintiff's state law negligence claim against defendants.

## III. Motion to Amend

A party may amend its pleading once as a matter of course within 21 days of serving it or 21 days of service of a responsive pleading or service of a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a). If these deadlines have passed, a party may only amend its pleading with the opposing party's written consent or the court's permission. *Id.* Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The decision to grant or deny an opportunity to amend is within the discretion of the district court, but the Court should provide reasons justifying the decision. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

15

Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* Although Federal Rule of Civil Procedure 15(a) instructs that "leave [to amend pleadings] shall be freely given when justice so requires," a court may deny leave to amend where amendment would be "futile." *See Miller*, 408 F.3d at 817. "A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff filed "Plaintiff's Corrected Motion to Amend" which attaches the proposed complaint, titled Second Amended Complaint, but otherwise provided no argument as to why the Court should grant the motion [Doc. 92]. The Court ordered the parties to file additional briefing on the motion [Doc. 94], and plaintiff then filed a memorandum in support [Doc. 97]. Plaintiff argues that he discovered information during recent mediation which forms the basis of the motion, namely "the fact that Cocke County, Tennessee had to itself seek from the City of Newport any available videotape evidence from Defendant Shults'[s] bodycam" [*Id.* p. 2]. Plaintiff states this supports an inference that defendants "intentionally concealed the videotape evidence, thereby

Case 3:19-cv-00308-TAV-DCP   Document 104   Filed 05/27/21   Page 16 of 22   PageID #: 534

justifying Plaintiff's sought amendment to allege fraudulent concealment" which would toll the statute of limitations [*Id*.].[7]

Plaintiff's memorandum and "Corrected Motion" do not mention the § 1983 bystander liability claim and §§ 1985 and 1986 claims which are listed in the proposed complaint [*Id*. p. 20–25]. Defendants contend that all are barred by the statute of limitations. The statute of limitations for § 1983 claims is discussed above. As to §§ 1985 and 1986, courts should consider the most analogous state statute of limitations when considering federal civil rights claims. *Kuhnle Bros., Inc.*, 103 F.3d at 519. Several courts have held that the statute of limitations for a § 1983 and § 1985 claim is the same, applying the one-year statute of limitations for personal injury claims as described in Tenn. Code Ann. § 28–3–104. *See Craft v. Vanderbilt Univ.*, 18 F. Supp. 2d 786, 797–98 (M.D. Tenn. 1998); *Clark v. Clawson*, No. 3:20-CV-00230, 2021 WL 37675, at *4 n.2 (M.D. Tenn. Jan. 5, 2021), *report and recommendation adopted*, No. 3:20-CV-00230, 2021 WL 568017 (M.D. Tenn. Feb. 16, 2021). Claims brought under § 1986 are subject to a one-year limitations period set by the statute itself.

---

[7]    Plaintiff states such that amendment would not be futile because fraudulent concealment is not properly considered in the context of a Rule 12(b)(6) motion but rather is appropriate for a Rule 56 motion for summary judgment. However, the statute of limitations is appropriate for consideration here. "[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

17

42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").[8]

Plaintiff's briefing focuses on the additional allegations of fraudulent concealment in paragraphs 34 through 68 of the proposed complaint [Doc. 92-1]. However, even considering these allegations, plaintiff still fails to meet the burden to establish fraudulent concealment. Despite having the affidavit of complaint and incident report identifying both defendants [Docs. 23-1 and 23-3], plaintiff never sent any information requests to defendants. "It is difficult to decipher how fraudulent concealment can occur when a non-party is neither asked to turn over documents, reports, videos, or otherwise, nor has a duty to turn said information over to a Plaintiff in a civil case" [Doc. 102 p. 6]. Plaintiff appears to argue that defendants had a duty to affirmatively provide plaintiff with the video immediately after the events at issue [*See* Doc. 92-1 ¶ 50 ("[defendant] intended to conceal the video despite his duty to disclose it"); ¶ 62 ("failing to . . . disclose the

---

[8]    The Court notes that generally, the statute of limitations and tolling principles are governed by state law, and when a federal civil rights claim accrues is a question of federal law. *Bowden v. City of Franklin, Kentucky*, 13 F. App'x 266, 272–73 (6th Cir. 2001). However, because Congress provided an express statute of limitations for claims brought under § 1986, courts do not apply state tolling principles to such claims. *See, e.g.*, *Bassette v. City of Oakland*, No. C-00-1645, 2000 WL 33376593, at *4 (N.D. Cal. Aug. 11, 2000) ("In contrast to Plaintiff's §§ 1983, 1985, and 2000d claims, Plaintiff's claim under 42 U.S.C. § 1986 is subject to federal equitable tolling principles because § 1986 contains an express one-year statute of limitations."); *In re Jackson Lockdown/MCO Cases*, 568 F. Supp. 869, 887 n.20 (E.D. Mich. 1983) ("It is far from clear, ... that a federal court should 'borrow' [a] state tolling provision where the statute of limitations is expressly contained in the federal statute, thus distinguishing the § 1986 claim from § 1983 claims where federal courts must borrow the most analogous state statute of limitations."). Nonetheless, the Court need not consider potential tolling of the statute of limitations here. "[F]ailure to state a claim for relief under § 1985 is fatal to his claims brought pursuant to § 1986 because a § 1986 claim is dependent upon a viable § 1985 claim." *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008).

18

existence of the video *himself* after the lawsuit was filed") (emphasis added); ¶ 79

("failed to inform Plaintiff or his counsel that a video existed until it finally produced the

video in question"); ¶ 98[9] ("[City of Newport] officials conspired to deprive Plaintiff of

his right to bring this action by not *immediately turning over the video* to the TBI, FBI or

other law enforcement when it had . . . actual knowledge of the events in question. This

City Defendant had an absolute duty under the law to make certain the video was

provided to proper officials, but it did nothing") (emphasis added)]. However, plaintiff

has not cited any statute or requirement that defendants, entirely unprompted, must

provide the video to better enable plaintiff to file suit. "There was no duty owed to the

Plaintiff in the context of this civil case or, frankly, in any other context. These

Defendants were non-parties to a civil lawsuit [prior to being added in April 2020]"

[Doc. 102 p. 8]. This is not a case where defendants were asked for the information and

failed to turn it over, concealed it, or delayed in producing it; defendants were simply

never asked. Without identifying a duty to disclose, plaintiff therefore cannot fulfill the

first *Redwing* element.

      Additionally, plaintiff does not address defendants' argument that plaintiff never

asked these defendants for the video. Instead, the complaint states that "[a]t all times

material Plaintiff and his counsel have exercised due diligence in investigating this case

and attempting to discover the identity of other potential tortfeasors" when the allegations

demonstrate otherwise [*Id.* ¶ 79]. A plaintiff asserting the doctrine of fraudulent

---

[9] There are two paragraphs in the complaint labeled "98." This reference is to the first.

concealment "must demonstrate that they exercised reasonable care and diligence in pursuing their claim." *Redwing*, 363 S.W.3d at 463. In the response to the motion to dismiss, plaintiff states "[w]hat more should Plaintiff had done? Hire a special security force to invade Cocke County in order to obtain the body-cam video of Officer Shults that he did not even know existed[?]" [Doc. 101 p. 13] to which defendants responded "an easy answer is provided…how about something? Anything? Perhaps go by the City of Newport to ask for documents, materials or videos . . . . Plaintiff knew of this option as he utilized this tool with Cocke County. He never used it with the City" [Doc. 103 p. 2]. As to defendant Shults, plaintiff "could have asked him for the video, could have issued a subpoena *duces tecum* to him as a non-party, or could have simply written a letter or called him. Of course, there is no evidence he or his attorneys did any such thing" [*Id.*]. Defendants contend plaintiff did not exercise due diligence, having failed to send a Public Records Act request, a letter, "a telegram, or a carrier pigeon" to defendants [Doc. 102 p. 7]. Having filed this motion to amend long after the briefing on the original motion to dismiss [Doc. 61] in June and July of 2020, plaintiff was aware of defendants' argument that he had not exercised due diligence in pursuing the claim. In filing the present motion, neither the proposed complaint nor the briefing present any allegations to address that argument or clarify that diligence was exercised as to these parties. Accordingly, plaintiff cannot fulfill the second *Redwing* element since he did not exercise reasonable care and diligence.

Furthermore, "[u]nder the fraudulent concealment doctrine, the statute of limitations is tolled when the defendant has taken steps to prevent the plaintiff from discovering" information. *Id*. at 462. Plaintiff indeed takes issue with defendants' inaction. There is no evidence or allegation that defendants withheld information from plaintiff. They may not have searched for plaintiff to share the information they had, but there is no allegation of "use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry." *Id*. at 463. Plaintiff therefore fails to fulfill the fourth *Redwing* element.

Accordingly, plaintiff has not met his burden of demonstrating the statute of limitations should be tolled due to fraudulent concealment. The one-year limitations period for the §§ 1983 and 1985 claims had passed by the filing of the amended complaint in April 2020, and a viable § 1985 claim is required to support a § 1986 claim. All federal claims are therefore time-barred, and amendment would be futile as it would not survive a 12(b)(6) motion. The motion to amend [Doc. 92] will therefore be **DENIED**.

## IV.    Conclusion

For the reasons discussed above, Plaintiff's Corrected Motion to Amend [Doc. 92] will be **DENIED**. Defendants City of Newport and Joshyua Shults's Renewed Motion to Dismiss on Timeliness Grounds [Doc. 90] will be **GRANTED**. Federal claims against defendants Shults, City of Newport, and John Does will be **DISMISSED with prejudice**; the state negligence claim will be **DISMISSED without prejudice**. There being no

21

remaining claims before the Court, the Clerk of Court will be **DIRECTED** to **CLOSE** this case.

An appropriate order will enter.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE